UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AB SPECIALTY SILCONES LLC,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Defendant. | CASE NO. 25-cv-00067 |

# COMPLAINT

Pursuant to Rule 7(a)(1) of the Rules of the U.S. Court of International Trade, Plaintiff AB SPECIALTY SILICONES LLC ("AB") hereby sues Defendant United States of America in this action, and alleges the following:

# JURISDICTION

1. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. Sec. 1581(a) as it is commenced under 19 U.S.C. Sec. 1515(a) to contest, in whole or in part, the denial of a protest filed with U.S. Customs and Border Protection, ("CBP") pursuant to 19 U.S.C. Sec. 1514(a). This action is timely filed within 180 days of the denial of the protest on October 24, 2024 for 90 of the 93 entries that were the subject of the protest pursuant to 28 U.S.C. Sec. 2636(a)(1). CBP granted AB's protest for 3 of the entries contained in the protest, and those 3 entries are not included in this action.

1

2. Plaintiff AB has standing in this action pursuant to 28 U.S.C. Sec. 2631(a) as it was the party which filed the protest, No. 3901-20-106543, denied by CBP and was the importer of record for the entries that are the subject of this action. Plaintiff filed timely filed protest No. 3901-20-106543 with CBP within 180 days of liquidation of the entries.

3. All liquidated duties for the entries that are the subject of this action have been paid by AB pursuant to 28 U.S.C. Sec. 2637(a).

4. All conditions precedent to bringing this action have been performed or have been excused. All administrative remedies have been exhausted.

## FACTS

5. AB is a U.S. manufacturer and distributor of specialty silicone chemicals based in Waukegan, Illinois. Its core brand is Andisil®, serving industries such as personal care, roof coatings, chemical manufacturing, dental and medical, mold making, and a variety of other industries.

6. The 90 entries that are the subject of this action consisted of various silicon compounds used in the various industries alleged in paragraph 5 above. The merchandise arrived at the Port of Chicago, Illinois, between October 2, 2018, and September 14, 2019.

7. The entries were liquidated by CBP on October 4, October 11 and November 29, 2019 in HTSUSA subheading 2931.90.9010. AB disputed this

HTSUSA classification by CBP, claiming that the merchandise should be classified to either HTSUSA 2931.90.9051 or HTSUSA 3910.00.00. AB filed its protest of the 93 entries on February 10, 2020. Since the entries involved the same protestant, and the same classification issue, a single protest of the 93 entries was timely filed pursuant to 19 C.F.R. Sec. 174.13(b). Further review of Protest No. 3901-20-106543 was properly accorded pursuant to 19 C.F.R. Sec. 174.24(a) because the decision against which the protest was filed was alleged to be inconsistent with certain rulings made by CBP.

8. On October 24, 2024, AB's protest was granted by CBP as to 3 entries and denied as to 90 entries in Decision HQ H318773. A copy of that decision is attached as Exhibit 1. The entries at issue in this action are listed in the Summons and are listed in Exhibit 2 to this Complaint.

9. In its October 24, 2024 protest decision, CBP stated that the issues raised in the protest were whether the imported compounds were classified in heading 2931, HTSUSA, as organic-silicone compounds, or in heading 3910 HTSUSA as silicone compounds; and if classified as heading 2931 HTSUSA, whether the imported compounds are considered organo-silicone compounds in subheading 2931.90.9010 HTSUSA or other organo-inorganic compounds in subheading 2931.90.9051, HTSUSA.

10. The differences in classification are material, in that merchandise classified under HTSUSA 2931.90.9010 is subject to a 25% tariff under Section 301. In addition, merchandise classified under HTSUSA 3910.00.0000 was excluded from tariffs under Section 301 at the time of entry and is subject to a tariff rate of 3%. The exclusion ended in October 2020. Merchandise classified as 2931.90.9051 is is subject to tariffs of 3.7% and excluded from Section 301 tariffs.

11. In the protest, AB stated that the merchandise was an organo-silicon compound, and therefore, classified under HTSUSA 2931.90.9051 and/or HTSUSA 3910.00.0000 for being silicones in primary form. Materials classified as HTSUSA 2931.90.9051 are excluded from Section 301 tariffs.

12. CBP, in its decision on the protest, stated that at the 4-digit headings level, heading 2931, HTSUS (other organic compounds) and heading 3910 HTSUS (silicones) were implicated. Under heading 2931 HTSUS, two possible ten-digit subheadings were presented: subheading 2931.90.9010, providing for "organo-silicon compounds" and subheading 2931.990.9051 HTSUS, "other".

13. CBP found in its decision on the protest that if the imported products are separate, chemically defined compounds from Chapter 29 HTSUS, they are precluded from classification as silicones under heading 3910.

14. CBP stated that the imported products were organic compounds, and that to come under heading 2910, Note 1, they must be chemically defined. CBP found that only one compound of all those imported, Phenyl Trimethicone was not chemically defined, and therefore was classified in heading 3910. CBP stated that the other eight products were all chemically defined compounds, and therefore are classified in heading 2910, HTSUS.

15. According to CBP in its October 24, 2024 decision, y-methacryloxy propyl trimethoxy silane, N-beta(amino ethyl)-gamma-amino propyl trimethoxysilane, y-aminopropyl triethoxy silane, vinyl trimethoxy silane, divinyltetramethyldisiloxane, vinyl tris(methylethylketoxime) silane, and vinyl triethoxy silane are classified under HTSUS 2931.90.9010.

16. AB Specialty Silicones LLC maintains that the classification of the compounds at issue in this case by CBP as HTSUS 2931.90.9010 is inconsistent with various prior CBP rulings, including NY N302530, HQ 083986, NY 850884, NY G86540, and HQ H192517.

17. CBP's decision on AB Specialty Silicones LLC's protest was premised on certain errors of fact. These include, among others:

a. That the compounds in question have one Si-O-Si linkage, when they in fact have none;

5

b.  CBP's decision stated that tetravinyltetramethylcyclotetrasiloxane and octamethylcyclotetrasiloxane should be classified differently, but they should be classified with the same HTSUS number as there are no chemical differences to justify different classification treatment.

c.  CBP in its decision stated that the only difference between the compounds at issue and those which was classified as 2931.90.9010 in NY N302530 is that the compounds at issue contain Nitrogen atoms. In fact, the compounds at issue are made up of Si, O, C, H, N and S atoms rendering the compounds materially different. Compounds with no Si-O-Si bonds, no matter the type of atoms, should be classified as HTSUS 2931.90.9051.

d.  CBP's decision is in error in that it states that the compounds contain a CH2 group, methylene, when it is in fact a CH2CH group, vinyl.

18. Taken together, these factual errors, among others, resulted in a legal error by CBP as to the tariff classification of the subject compounds.

## COUNT ONE
## DENIAL OF TIMELY FILED PROTEST

19. Plaintiff realleges and incorporates pars. 1-18 of this Complaint as if fully set forth herein.

20. Plaintiff has standing and filed a timely protest of the liquidation of the 90 entries at issue in this case and listed on the Summons.

21. CBP's decision dated October 24, 2024 denying Plaintiff's protest misclassifies the 90 entries at issue in this case resulting in higher duties being paid by Plaintiff. The duties payable should 3.7% for HTSUSA classification 2910.90.9051 or 3% for HTSUSA classification 3910.00.0000.

22. Plaintiff has paid all liquidated duties as a condition precedent to bringing this action.

23. Plaintiff has overcome the presumption of correctness of CBP's tariff classification pursuant to 28 U.S.C. Sec. 2639(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and to direct CBP to reliquidate the subject entries to reclassify the imported items as either HTSUSA 2931.90.9051, 3.7%, or 3910.00.0000, 3%, and to refund the duties to Plaintiff with appropriate interest thereon as permitted by law and for such further relief this Court deems just and proper.

Dated: April 16, 2025

                                            Respectfully Submitted,

                                            **BECERRA LAW, P.A.**

                                            /s/   Robert Becerra
                                            Robert Becerra, B.C.S.
                                            2800 Ponce de Leon Blvd.
                                            Suite 1400
                                            Coral Gables, FL 33134
                                            (305) 375-0112
                                            Email: rbecerra@rjbecerralaw.com
                                            Counsel to Plaintiff

**GUNSTER, YOAKLEY & STEWART, P.A.**

/s/ Peter Quinter
Peter A. Quinter, Esq.
600 Brickell Avenue
Suite 3500
Miami, Florida 33131
Ph: (305) 376-6016
Email: pquinter@gunster.com
Co-Counsel for Plaintiff